NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2224
_____

KRISTINE GUARIGLIA,

Appellant

v.

UNITED FOOD & COMMERICAL WORKERS LOCAL 464A UNION
WELFARE SERVICE BENEFIT FUND

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-00002)
District Judge: Honorable Susan D. Wigenton
_____

Argued January 15, 2019

Before: AMBRO, HARDIMAN, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: August 6, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steve L. Kessel, Esquire (Argued)
Drazin & Warshaw
25 Reckless Place
P.O. Box 8909
Red Bank, NJ  07701

Counsel for Appellant

Mark Hanna, Esquire (Argued)
Murphy Anderson
1401 K Street, N.W.
Suite 300
Washington, DC  20005

Counsel for Appellee

AMBRO, Circuit Judge

We review the District Court's dismissal of a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking to compel an employer-sponsored healthcare plan to pay medical expenses.  The Court held the claim was barred by *res judicata* stemming from its dismissal of a similar claim in a prior case with the same parties.  We need not assess whether that application of *res judicata* was correct because, on a separate ground, we conclude the District Court was correct to dismiss the complaint.  We thus affirm.

I.      Background

Kristine Guariglia is a participant in an employer-sponsored healthcare plan (the "Plan") administered by defendant-appellee Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund (the "Fund").  The Plan is an employee welfare benefit plan under ERISA.  It is "not a primary plan or a secondary plan but

2

rather a tertiary plan and payer of last resort." (App. 025a.) In other words, the Fund will pay benefits only when payments from other sources are unavailable. (*See, e.g.*, App. 025a.) It extends this payer-of-last-resort concept to medical expenses in particular, reiterating that it "does not cover healthcare expenses for which a third party is responsible to pay." (App. 026a.)

In April 2012 Guariglia was injured when she tripped due to a pothole. She filed that year a lawsuit in New Jersey state court (the "Liability Action") alleging that numerous third parties were liable for her injuries. She also filed a claim for reimbursement of medical expenses under the Plan, but the Fund denied that claim. Dissatisfied with the Fund's decision, Guariglia filed in 2013 an action in the District Court ("*Guariglia I*") seeking to compel the Fund to pay her medical expenses. She argued, among other things, that it must pay them irrespective whether she signed a reimbursement agreement or did not pursue medical expenses as a form of damages in the Liability Action.

The District Court disposed of *Guariglia I* by granting a motion to dismiss filed by the Fund. *Guariglia v. Local 464A United Food & Commercial Workers Union Welfare Serv. Ben. Fund*, 2013 WL 6188510 (D.N.J. Nov. 25, 2013). The Court held that (1) the Fund's demand for a reimbursement agreement as a condition for advancing medical expenses did not violate ERISA, and (2) under the Plan the Fund was not required to advance or reimburse Guariglia's medical expenses at that time. *Id.* at *5.

In the wake of *Guariglia I*, Guariglia continued to pursue her claims against third parties in the Liability Action, but she did not amend that action to include medical

3

expenses, apparently because of a tactical decision made by her counsel based on a belief that to seek medical expenses would create a conflict of interest. *See Guariglia I*, 2013 WL 6188510, at \*4. Moreover, she did not include those expenses notwithstanding having signed a reimbursement agreement with the Fund in which she promised to do so. (App. 037a–038a.)

In May 2017 a jury entered a verdict in favor of the defendants in the Liability Action. Within a few weeks after the verdict, Guariglia's attorney sent a letter to the Fund asserting that "[s]ince Ms. Guariglia's medical expenses are not recoverable from a third-party, by virtue of the jury's verdict, those bills should now properly be paid under the terms of your plan." (App. 061a.) The Fund denied that claim (App. 063a–065a), so Guariglia filed this second action in the District Court. It granted the Fund's motion to dismiss the complaint, holding her claim was barred by *res judicata* based on the Court's order dismissing the complaint in *Guariglia I*. Guariglia appeals to us.

## II.    Discussion[1]

The District Court dismissed Guariglia's claim as barred by *res judicata*, and the parties devoted most of their briefing to that issue. However, we may affirm dismissal of a complaint on any ground presented by the record. *See Munroe v. Central Bucks Sch. Dist.*, 805 F.3d 454, 469 (3d Cir. 2015). We perceive one such ground here. Indeed, it almost jumps from the record: as a condition to receiving a reimbursement of medical

---

[1] The District Court had jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* dismissal of the Complaint. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

4

expenses from the Fund, Guariglia signed an agreement promising first to seek those expenses from third parties who may be liable for them. (App. 037a–038a.) But then, notwithstanding that agreement, she chose not to expand the Liability Action to seek those medical expenses at any point in the ensuing five years. (*See* Transcript of Oral Argument at 14.) In other words, by her own admission, she did not fulfill her promises under the reimbursement agreement and, accordingly, was not entitled to receive payer-of-last-resort benefits under the Plan. In these circumstances, the Fund was clearly within its discretion to deny her claim. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120–21 (3d Cir. 2012).

\*    \*    \*    \*    \*

We affirm the District Court's dismissal of the complaint.

5